# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **T.R.**

**No. 17-0268** (Ohio County 16-CJA-79)

## MEMORANDUM DECISION

Petitioner Mother J.R., by counsel Peter P. Kurelac III, appeals the Circuit Court of Ohio County's February 16, 2017, order terminating her parental rights to T.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Gerasimos Slavounakis, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging, among other things, that she failed to support the subject child and allowed the child to be exposed to inappropriate persons, particularly petitioner's boyfriend. The boyfriend had a history of anger issues, domestic violence with petitioner, drug use, and criminal activity. Further, petitioner was involved in a prior abuse and neglect case concerning an older child. In that case, the circuit court terminated petitioner's improvement period due to noncompliance and she then voluntarily relinquished her parental rights to the older child. During the prior abuse and neglect case, a child protective services ("CPS") worker directed petitioner not to associate with her boyfriend, but she continued to have a relationship with him. During the current proceedings, petitioner lied to the CPS worker about the identity of that same boyfriend and referred to him by a different name. The CPS worker visited petitioner's home and determined that the boyfriend was, in fact, the boyfriend with whom she was directed not to associate. The DHHR alleged that prior to the petition being filed, petitioner and the boyfriend got into a fight at petitioner's home

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

and that the police were called. The DHHR also received a referral that petitioner was abusing drugs on a daily basis in the presence of the child. Petitioner has a history of drug abuse and mental illness. Finally, the DHHR alleged that the CPS worker went to petitioner's home and found it in a deplorable condition. The CPS worker found empty alcohol bottles, cigarette butts, broken dishes, and dirty diapers on the floor. The CPS worker changed the child's diaper, found the diaper full of urine, and observed that the child's buttocks had not been properly cleaned after a prior bowel movement.

In August of 2016, petitioner was adjudicated as an abusing parent based upon her stipulation that she exposed the child to inappropriate persons, and she failed to participate in mental health treatment to address her mental illness. Petitioner was granted a post-adjudicatory improvement period. The father voluntarily relinquished his rights to the child in September of 2016.

In December of 2016, the circuit court terminated petitioner's improvement period due to her noncompliance as well as her failure to appear at the hearing. The circuit court found that petitioner admitted to using drugs in December of 2016, admitted to using $400 worth of cocaine in one day, refused to attend counseling for her mental health issues, and continued to have relationships with inappropriate people. Petitioner then filed a motion for a post-dispositional improvement period based upon an alleged change of circumstances, i.e., petitioner admitted herself into Life Changers Outreach, a faith-based inpatient treatment program, on or about December 15, 2016.

In January of 2017, the circuit court held a dispositional hearing where it heard evidence on petitioner's motion for a post-dispositional improvement period. The circuit court found that petitioner had a history of substance abuse and mental health issues including depression, anxiety, post-traumatic stress disorder, cocaine abuse disorder, and personality disorder. The circuit court further found that petitioner did not maintain treatment for her substance abuse and mental health issues during her improvement period. The circuit court also found that petitioner lied to CPS about associating with her boyfriend and that she referred to him by a different name. Further, the circuit court concluded that, despite petitioner's efforts to seek rehabilitative help, there was no reasonable likelihood that the conditions of abuse and neglect would be substantially corrected in the near future. The circuit court ultimately terminated petitioner's parental rights in its February 16, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]According to the guardian and the DHHR, the child is placed in a foster home. The permanency plan is adoption in that home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

First, the Court finds no error in the circuit court's denial of petitioner's motion for an improvement period at disposition. Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . " Here, petitioner was previously granted a post-adjudicatory improvement period. However, the record is clear that petitioner could not establish a substantial change in circumstances since her initial improvement period or that she was likely to fully participate in a new improvement period.

At disposition, the circuit court was presented with ample evidence of petitioner's noncompliance with the terms and conditions of her post-adjudicatory improvement period. This included her continued use of illegal drugs, failure to treat her mental health issues, and her continued relationship with inappropriate people. While petitioner argues on appeal that she established a substantial change in circumstances because she entered into a religious-based rehabilitation program, she presented no evidence that this program would help her resolve her drug abuse and mental health issues. The circuit court found that the treatment program did not utilize doctors, mental health providers, or trained or certified addiction counselors and was thus, inadequate to meet petitioner's treatment needs. Therefore, petitioner failed to meet the burden of proving a substantial change in circumstances sufficient to warrant the granting of a post-dispositional improvement period. Moreover, petitioner's failure to comply with the terms and conditions of her post-adjudicatory improvement period also showed that she was unlikely to fully comply with an additional improvement period. For these reasons, we find no error in the circuit court's denial of petitioner's motion for an improvement period at disposition.

Finally, petitioner argues that the circuit court erred in terminating her parental rights. We do not agree. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code

§ 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The evidence showed that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . ." As discussed above, petitioner's post-adjudicatory improvement period was terminated for noncompliance. Petitioner continued to use illegal drugs, failed to obtain help for her mental health issues, and continued to associate with inappropriate persons. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker